**FIRST EQUITABLE TITLE COMPANY, INC., Appellant,**

**v.**

**PRODUCTS DIVERSIFIED, INC., Appellee.**

**No. C14–83–534CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 24, 1984.

Daniel K. Trevino, Jr., Houston, for appellant.

Jack W. Hayden, Houston, for appellee.

Before JUNELL, ROBERTSON and SEARS, JJ.

## OPINION

ROBERTSON, Justice.

This is an appeal from a judgment in favor of Products Diversified, Inc. in a suit on a contract. Thirteen points of error complain of (1) the admissibility of evidence and (2) the sufficiency of evidence to sustain (a) the award of damages, (b) findings of fact and (c) conclusions of law. We affirm.

At First Equitable Title Company's request the trial court filed findings of fact concluding that on September 1, 1976 the parties entered into an agreement whereby appellee delivered to appellant an abstract of title plant approved by the Texas Board of Insurance allowing appellant to act as an agent for a title insurance company; that appellant failed to pay the rentals due under the agreement as they became due; that presentment of the claim had been properly made prior to filing suit; that "at least $59,970.64," based upon the total premium reported to the State Board of Insurance, was owed to appellee under the agreement, and that appellee was entitled to pre-judgment interest and attorney fees.

In points of error one through three appellant contends the court erred in admitting into evidence exhibits two through six because they were (1) hearsay, (2) not properly certified as official records of a state agency, (3) not furnished to appellant at least fourteen days prior to trial, (4) not proven as to accuracy, and (5) uncertified copies of originals. Each of the exhibits was a photocopy of the "TEXAS TITLE INSURANCE AGENTS STATISTICAL REPORT" filed by First Equitable Title Company with the Texas State Board of Insurance for the calendar years 1977, 1978, 1979, 1980 and 1981, respectively. Appellee used the exhibits to establish the gross receipts recovered by appellant and calculated the rentals due appellee based on the receipts. Appellant argues such exhibits were hearsay and were not proven to be admissible under any exception to the hearsay rule. Specifically, it argues that without having complied with the statutory predicate of either 3731a or 3737e of the Revised Civil Statutes, TEX.REV.CIV. STAT.ANN. arts. 3731a and 3737e (Vernon Supp.1984), such records were inadmissible. We do not agree.

The first two exhibits were signed and sworn to by Daniel K. Trevino, Jr. as Chairman of the Board of First Equitable; the third was signed and sworn to by Gary I. Kass as President of First Equitable and the last two were signed and sworn to by Daniel K. Trevino III as Vice-President of First Equitable. While Daniel K. Trevino, Jr. was testifying as a witness he identified all five exhibits as being a copy of the statistical report "filed by the defendant with the Texas Insurance Board."

Each of the exhibits was properly admitted as an admission of the defendant corporation. As stated in *Mosher Steel & Machinery Co. v. Nash*, 6 S.W.2d 158 (Tex. Civ.App.—Dallas 1928, writ dism'd):

A corporation can only act by and through its officers and agents commissioned to represent it, and, when so acting, it is the corporation speaking by and through such agent, or officer, more so than it is the officer or agent speaking as an individual. In no other way could the rule of evidence applicable to proof of

admission be available against a corporation.

See also: *Crawford Undertaking Co., Inc. v. Herman Siegel, Inc.*, 230 S.W.2d 590 (Tex.Civ.App.—Waco 1950, no writ.). In compliance with Article 3731c, TEX.REV. CIV.STAT.ANN. art. 3731c (Vernon Supp. 1984), the evidence clearly shows that the original of each of the exhibits was filed with the State Board of Insurance so that the absence of the original was reasonably accounted for. Further, there was no bona fide dispute as to any of the exhibits being an accurate *reproduction of the original.* While Trevino refused to attest the accuracy of "the information that went into" the reports not signed by him, this does not contest the accuracy of the "reproduction of the original" report. Appellant's first three points are overruled.

In points of error four and five appellant complains of the trial court's admitting into evidence a copy of two letters—one from appellee's attorney and the other from the president of appellee addressed to appellant. Each letter was a notification of default under the agreement, demand for amounts of money due and claim for attorney fees if suit was necessary. Appellant contends each exhibit was hearsay, that there was no evidence the exhibits were received by appellant and that each exhibit was a copy and not the best evidence. We disagree. The evidence sufficiently shows the original of each letter, properly addressed, was mailed to appellant. There was no evidence to indicate that appellant failed to receive the letters. Given the state of the record, we must presume that appellant received the letters. *Mobile America Sales Corp. v. Gradley*, 612 S.W.2d 625, 628 (Tex.App.—Beaumont 1980, no writ.). Appellant's fourth and fifth points are overruled.

In its sixth point appellant contends the trial court erred in admitting into evidence exhibit nine, which was a summary of exhibits two through six, because all said exhibits were hearsay. Again, we disagree. We have already held the trial court properly admitted exhibits two

through six. Exhibit nine was a summary of the total premiums as reported on exhibits two through six and contained a computation of the total base payments and interest due. The trial court properly admitted into evidence the summary and tabulated schedule. *Black Lake Pipe Line Co. v. Union Construction Co., Inc.*, 538 S.W.2d 80 (Tex.1976). Point six is overruled.

In its seventh point appellant contends the trial court erred in denying his motion to strike exhibits two through nine. Having found each exhibit admissible, the court properly denied the motion to strike. This point is overruled.

In its eighth and ninth points, appellant complains of the award of damages because such award was based upon exhibits two through six and nine, again contending they were hearsay. Having held otherwise, we overrule these points.

In its tenth point appellant contends there is no evidence to support the findings of fact that: (1) appellee delivered an abstract title plant to appellant; (2) appellant failed to apply rents as they became due; (3) presentment of appellee's claim was timely made before filing the lawsuit; (4) at least the amount of $59,970.74 was owed by appellant to appellee, and (5) the amount of $15,479.80 was due to appellee as interest on such amount. Appellant's sole argument is that these findings were based upon the hearsay exhibits two through six. What we have already said concerning such exhibits disposes of these points and they are overruled.

Finally, in points eleven through thirteen appellant contends the conclusions of law "were based on erroneous Findings of Fact derived from inadmissible evidence" (as discussed immediately above). These points are likewise without merit and are overruled.

We find from the record that this appeal was groundless, frivolous, and taken for the purpose of delay only. Appellant had no reasonable ground to believe the judgment would be reversed at the time the appeal was filed. Appellant, the de-

fendant below, is therefore subject to the sanctions of Rule 438, TEX.R.CIV.P. 438, which states:

> Where the court shall find that an appeal or writ of error has been taken for delay and that there was no sufficient cause for taking such appeal, then the appellant, if he be the defendant in the court below, shall pay ten per cent on the amount in dispute as damages, together with the judgment and interest and costs of suit thereon accruing.

We affirm the trial court's judgment and sue sponte award damages in favor of appellee and against appellant in the amount of $5,997.07, this amount constituting ten per cent of the amount awarded appellee in the trial court below as lease payments due and owing.