**Douglas C. FRANCIS, Appellant,**

v.

**Doris E. MARSHALL, Appellee.**

**No. A14–92–00388–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 15, 1992.

Rehearing Denied Nov. 5, 1992.

52

Kenneth C. Kaye, League City, for appellant.

Sherrill H. Tompkins, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a summary judgment granted in favor of appellee, Doris E. Marshall. Appellee brought suit to recover as a beneficiary under a life insurance policy and the trial court held that she was the proper recipient of the proceeds. We affirm.

Appellant, Douglas C. Francis, was found guilty of the murder of his wife, Karen E. Francis. Mrs. Francis had been insured under a $50,000 life insurance policy. Appellant was the primary beneficiary under this contract, and the deceased's mother and appellee, Doris E. Marshall, was the contingent beneficiary. Mrs. Francis had also made her mother administratrix of her estate. Upon appeal, appellant's murder conviction was affirmed and he is now serving a life sentence.

Awaiting the outcome of appellant's criminal trial, Great Southern Life Insurance Company ("GSL") placed the proceeds of Mrs. Francis' policy in the court registry. Although the Galveston County Probate and County court had granted GSL permission to do so, this action was not a resolution as to beneficiaries. Appellee asked the court for the authority to withdraw the proceeds for her own benefit but her motion was denied because Mr. Francis' appeal of his murder conviction was not final. This left the ownership of the funds

unadjudicated so the trial court ordered the funds to be placed in an interest bearing account under the name of the estate of Karen E. Francis. Subsequently, appellee brought a declaratory judgment action seeking to have the proceeds paid to her in her individual capacity. After appellant answered, appellee moved for summary judgment and the trial court granted her motion.

Mr. Francis brings two points of error on appeal. In his first point of error, appellant asserts that the trial court erred in granting summary judgment in favor of appellee because there was a question of fact as to whether the insurance benefits should be paid to appellee in her individual capacity, or to the estate of Karen E. Francis, deceased. Appellant argues in his second point of error that the trial court erred in granting summary judgment in favor of appellee because there was a question of fact as to who was entitled to the benefits. In arguing this second point, appellant contends that his conviction is some, but not conclusive evidence, of the right of someone other than appellant to the proceeds. He also argues that there was no summary judgment evidence proving that he brought about his wife's death for the purpose and with the intent of accelerating collection of the proceeds.

The Texas Supreme Court has outlined the following standards for reviewing a motion for summary judgment:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

■ Appellant argues in his first point of error that the trial court erred in granting summary judgment in favor of appellee because there was a question of fact as to whether the insurance benefits should be paid to appellee, or to the estate of the deceased. In support of his argument, appellant refers to the probate court order which placed the funds in an account in the name of the estate of the deceased. Although appellant would argue that the order would raise a question of fact as to whether the estate was entitled to the proceeds, this is simply not the case. Rather, once appellee's motion asking for the funds had been denied, the court's order was merely a neutral way in which to categorize the account.

Even though the court did deny appellee's motion, this was not a judicial resolution of who receives the proceeds. Again, it was only for the purpose of keeping track of the account. Indeed, the order stated that "said funds [were to] be placed in an interest-bearing account *pending the outcome of the criminal appeal of Douglas C. Francis.*" The parties even agreed that the funds should be placed in this account pending the conclusion of the criminal case and determination of ownership. Since it is clear that the estate of Karen Francis had no interest in the proceeds, there was no question of fact as to this issue. Further, the estate is not a party to this lawsuit. Appellant's first point of error is therefore overruled.

■ In his second point of error, appellant contends that the trial court erred in granting summary judgment because there was a question of fact as to who was entitled to the proceeds. Specifically, appellant argues that his conviction was both inconclusive as to (1) the right to proceeds and (2) to whether appellant willfully caused the decedent's death. Appellant's contentions are without merit because appellant's conviction was conclusive as to both.

■ Appellant's prior judgment of conviction was properly before the Probate and County court as a hearsay exception. TEX.R.CIV.EVID. 803(22). As such, appellant's judgment of conviction obligated the probate court to acknowledge that he "will-

fully [brought] about the death of the insured". *See* TEX.PROB.CODE ANN. § 41(d) (Vernon 1980). The probate code also required the court to bar appellant from recovering any proceeds. *Id.*

Under the probate code, if a beneficiary of a life insurance policy is convicted for the insured's death, he is prevented from financially benefitting from his wrong. *Id.* The probate code states that in such a case, proceeds are to be paid as provided in the insurance code. *Id.* The pertinent section of that code provides that a contingent beneficiary will receive the proceeds where the primary beneficiary has willfully caused the insured's death. TEX.INS.CODE ANN. art. 21.23 (Vernon Supp.1992). Given the mandates of the Texas Insurance and Probate Codes, appellant's conviction was conclusive as to appellee's right to proceeds and thus, summary judgment for appellee was proper.

■ Appellant also claims that his conviction was inconclusive as to whether he willfully caused the decedent's death. However, Mr. Francis is collaterally estopped from raising the issue. Collateral estoppel is frequently characterized as a preclusion of issues because it bars relitigation of any ultimate issue of fact which was litigated and essential to the judgment in a prior suit. *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). The element of willfulness was litigated and essential to appellant's conviction for murder, and thus the doctrine of collateral estoppel bars relitigation of that issue.

The repercussions of a prior conviction on a subsequent civil case has been considered by this court before. In *McCormick v. Texas Commerce Bank Nat. Ass'n,* 751 S.W.2d 887, 890 (Tex.App.—Houston [14th Dist.] 1988, *writ denied*), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706 (1989), this court held that "[w]here (i) the issue at stake was identical to that in the criminal case, (ii) the issue had been actually litigated, and (iii) determination of the issue was a critical and necessary part of the prior judgment, the judgment is established by offensive collateral estoppel and

is within the hearsay exception of [rule] 803(22)". Because the issue of willfulness was litigated and critical to the prior criminal conviction, appellant "is estopped from attacking the judgment or any issue necessarily decided by the guilty verdict." *Id.* Thus, appellant is not entitled to relitigate the issue of whether he willfully caused his wife's death.

■ By subpoint, appellant maintains that there is no summary judgment evidence that shows that appellant brought about the death of the deceased for the purpose and with the intent of accelerating the due date of the insurance policy and collecting the insurance proceeds. His contention is without merit because such is not required under either the Insurance, or the Probate Codes. Quite simply, appellee did not have the burden to prove that appellant killed his wife for this purpose or any purpose. All the statute required was that appellant willfully caused the death of the policy holder. *See* TEX.INS.CODE ANN. art. 21.23; TEX.PROB.CODE ANN. § 41(d). Appellant's subpoint is overruled. In sum, as appellant's prior criminal conviction was conclusive as to appellee's right to recover the proceeds, and as appellant is collaterally estopped from raising the issue of whether he willfully caused the decedent's death, we hold that the trial court did not err in granting appellee's motion for summary judgment. Appellant's second point of error is overruled.

■ By crosspoint, appellee asks this court to sanction appellant under Rule 84. TEX.R.APP.P. 84. While granting sanctions under this rule is within an appellate court's discretion, *Maronge v. Cityfed Mortgage Co.*, 803 S.W.2d 393, 396 (Tex. App.—Houston [14th Dist.] 1991, no writ), this rule should only be applied with prudence, caution, and after careful deliberation. *Exxon Corp. v. Shuttlesworth*, 800 S.W.2d 902, 908 (Tex.App.—Houston [14th Dist.] 1990, no writ). Rule 84 requires this court to first ask whether the appeal was brought "for delay *and* without sufficient cause". TEX.R.APP.P. 84. Part and parcel of this test is the query into whether appellant had a reasonable expectation of rever-

sal or whether he merely pursued the appeal in bad faith. *See First Equitable Title Co. v. Products Diversified, Inc.*, 678 S.W.2d 524 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). The "[c]ourt should impose damages only if the likelihood of a favorable result was so improbable as to make this an appeal taken for delay and without sufficient cause." *Ambrose v. Mack*, 800 S.W.2d 380, 383 (Tex. App.—Corpus Christi 1990, writ denied).

 In determining whether appellant had a reasonable expectation of reversal, this court looks to the language in *Ambrose v. Mack.* To wit, "[b]ecause the basic tenet of res judicata and collateral estoppel is to bar the relitigation of previously litigated matters, [Rule 84] is even more compelling in cases where a clear attempt to relitigate has been made." *Id.* at 383–84. Due to the fact that appellant's conviction collaterally estops him from relitigating the issue of whether he willfully caused the death of his wife, and because caselaw with regard to insurance benefits is so well settled, we cannot ascertain how appellant had any reasonable ground to believe that this judgment would be reversed. Under these circumstances, we hold that appellant has taken this appeal for delay and without sufficient cause and we exercise our discretion to assess damages in the sum of $5,000.00 to be paid to appellee, Doris E. Marshall. As frivolous litigation should not go unsanctioned, appellee's crosspoint is sustained.

Accordingly, the judgment of the trial court is affirmed and appellee's crosspoint is sustained.