CV2-228 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-228-CV




THOMAS R. MCBRIDE,



 APPELLANT


vs.





TIMOTHY MAHLER,



 APPELLEE



 




FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT



NO. 131,946-C, HONORABLE D. V. HAMMOND, JUDGE PRESIDING



 




PER CURIAM



 Thomas McBride (1) appeals from the trial court's take-nothing judgment against him
in his action for legal malpractice against Timothy Mahler, who represented him in a criminal
prosecution. The judgment (1) granted appellee's motion for summary judgment and (2) found
appellant's suit frivolous under Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp. 1993). 
Appellant brings four points of error. The first three points complain of the trial court's errors
in granting summary judgment for appellee. (2) The fourth point complains that the trial court
abused its discretion in finding appellant's cause frivolous under section 13.001. We will overrule
all points of error and affirm the trial court's judgment.



Procedural History


 This malpractice lawsuit arises from appellee's representation of appellant in a
criminal prosecution that resulted in appellant's conviction and incarceration. Appellant claims
appellee's conduct at the criminal trial damaged him through a denial of his rights to a fair trial
and proper appellate review due to numerous instances of failing to object or to raise the proper
ground for an objection, as well as numerous errors in the questioning, or lack thereof, of several
witnesses. Appellant appealed his conviction to this Court, represented by different attorneys than
appellee. This Court, in affirming appellant's conviction, overruled a point of error alleging
ineffective assistance of counsel. See Thomas Ritchie McBride v. State, No. 3-84-215-CR (Tex.
App.--Austin May 8, 1985, no pet.) (not designated for publication). (3)

 Appellee first moved for summary judgment based on the statute of limitations and
lodged special exceptions against appellant's pleadings. The special exceptions were granted, and
appellee apparently withdrew this motion for summary judgment. (4) Appellant amended his
pleadings. Appellee then moved for summary judgment, alleging, among other things, that the
previous litigation of the ineffective assistance of counsel issue barred a subsequent relitigation
of that issue brought as a malpractice claim. Appellee also moved to strike certain portions of
appellant's pleadings on the basis that the pleadings had not been adequately amended in response
to the granted special exceptions. Appellant filed a response to the motion for summary judgment
and a motion for summary judgment.



Collateral Estoppel


 In point of error three, appellant complains of the trial court's error in granting
summary judgment. The standard of review for a summary judgment is:



1. The movant has the burden of showing there is no genuine issue of material 
fact and that it is entitled to judgment as a matter of law.


2. In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true.


3. Every reasonable inference must be indulged in favor of the non-movant and
doubts resolved in his favor.



Nixon v. Mr. Property Mgt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). One ground urged in
appellee's motion for summary judgment was that appellant's claim of ineffective assistance of
counsel, previously urged in his appeal from his criminal conviction, bars his later re-litigation
of that issue as a malpractice claim. We agree.

 In general, res judicata, or claim preclusion, often is said not to apply between
criminal and civil cases. See generally 48 Tex. Jur. 3d Judgments § 371 (1986). For example,
an acquittal for the criminal offense of possession of alcoholic beverages in a dry area for the
purpose of sale has been held not to bar a subsequent civil proceeding to forfeit the beverages. 
State v. Benavidez, 365 S.W.2d 638, 640 (Tex. 1963).

 Collateral estoppel, or issue preclusion, however, can bar relitigation in a civil case
of an issue litigated in a criminal case. For example, Francis v. Marshall, 841 S.W.2d 51 (Tex.
App.--Houston [14th Dist.] 1992, no writ), was a civil case to determine the recipient of life
insurance proceeds as between the husband, who was the primary beneficiary of his wife's policy,
and the secondary beneficiary. The court held that the husband's conviction for murder
collaterally estopped him from raising the issue whether he willfully caused the decedent's death
for purposes of determining whether he was prohibited from collecting life insurance benefits
under the probate code. Id. at 54.

 In general, if a former client, on appeal, unsuccessfully challenged the effectiveness
of trial counsel's representation in criminal proceedings, the ex-client will typically precluded
from maintaining a civil malpractice action. Gregory G. Sarno, Legal Malpractice in Defense of
Criminal Prosecution, 4 A.L.R.5th 273, § 2[a], at 293; § 3[c] (cases collected) (1992). In Garcia
v. Ray, 556 S.W.2d 870 (Tex. Civ. App.--Corpus Christi 1977, writ dism'd w.o.j.), the court held
that a previous determination that counsel was not ineffective barred relitigation of that claim in
a civil action. In McCormick v. Texas Commerce Bank, National Ass'n, 751 S.W.2d 887 (Tex.
App.--Houston [14th Dist.] 1988, writ denied), cert. denied, 491 U.S. 910 (1989), the court held
that findings of a criminal judgment were conclusive under the doctrine of collateral estoppel and
not rebuttable. Following the admission of defendant's prior conviction in a subsequent civil
proceeding arising out of the same check kiting scheme, defendant was not entitled to explain
mitigating circumstances respecting the prior conviction, including a claim of ineffective
assistance of counsel. Id. at 889-90; see also Zeidwig v. Ward, 548 So.2d 209, 214 (Fla. 1989)
(defendant who unsuccessfully advanced ineffective assistance claim in prior postconviction
proceeding collaterally estopped from raising same claim in legal malpractice action against
former attorney; court noted incongruity of allowing imprisonment of a defendant for a criminal
offense after a judicial determination that he has failed in attacking his conviction because of
ineffective assistance, then allowing damages in a civil suit because he was improperly imprisoned
due to ineffective assistance); Knoblauch v. Kenyon, 415 N.W.2d 286, 289 (Mich. Ct. App.
1987). 

 We agree with the above cases. In our case, all of appellant's claims in his civil
malpractice suit arise out of counsel's representation in a criminal matter in which effective
assistance of counsel has already been litigated. We overrule point three.



Summary Judgment Proof


 In point of error two, appellant contends that appellee's motion for summary
judgment was defective because he failed to specify where the proof he relied on was shown in
the instruments on file. Appellant relies on several cases dealing with the need to refer to
summary judgment evidence in the motion or response. Kotzur v. Kelly, 791 S.W.2d 254, 255-56
(Tex. App.--Corpus Christi 1990, no writ); Taylor v. Taylor, 747 S.W.2d 940, 946 (Tex.
App.--Amarillo 1988, writ denied); Nicholson v. Naficy, 747 S.W.2d 3, 4-5 n.1 (Tex.
App.--Houston [1st Dist.] 1987, no writ). Appellant has read the cases too broadly, however, as
he apparently construes them to impose a requirement similar to that of Tex. R. App. P. 74(d) that
requires the brief to include specific page references to the record. Further, appellant's motion
was not based on specific instances from the record of the criminal trial, but rather on the
existence of a trial in which the issue of ineffective assistance already had been litigated. We
overrule point of error two.

 In point of error one, appellant contends that there was no proper summary
judgment proof before the court because appellee failed to properly authenticate instruments he
sought to attach to his motion as evidence. Appellant relies on Kotzur, 791 S.W.2d at 256, and
Deerfield Land Joint Venture v. Southern Union Realty Co., 758 S.W.2d 608 (Tex. App.--Dallas
1988, no writ). However, appellee was not relying on documents attached to his motion that
would need authentication in the way that depositions or deposition extracts do. He was not
attempting to introduce expert testimony by way of affidavit. Rather, appellee was relying on the
principle that after an opportunity to amend defective pleadings has been given, summary
judgment "on the pleadings" may then be proper. See Texas Dept. of Corrections v. Herring, 513
S.W.2d 6 (Tex. 1974); see generally 3 Diane M. Allen, et al., Texas Civil Practice, § 18.14[b],
at 474-75 (rev. ed. 1992). Appellant had an opportunity to amend his pleadings in response to
special exceptions. In his motion appellee urged that appellant's pleadings showed the existence
of a barrier to recovery. We overrule point of error one.



Dismissal under Section 13.001


 In point of error four, appellant contends that the trial court abused its discretion
in finding (5) his cause "frivolous." Tex. Civ. Prac. & Rem. Code Ann. § 13.001 (West Supp.
1993). This section provides special procedures for dismissing suits filed in forma pauperis. The
concern with in forma pauperis proceedings is to balance access to courts regardless of ability to
pay with the problems generated by litigants against whom the usual economic constraints against
frivolous or harassing litigation may not be effective. Neitzke v. Williams, 490 U.S. 319, 324
(1989). This concern is particularly strong in suits by prisoners. Spellmon v. Sweeney, 819
S.W.2d 206, 209 (Tex. App.--Waco 1991, no writ).

 We review such a finding on an abuse of discretion standard. Id. at 211. An
appellate court may reverse a trial court for abuse of discretion only if, after searching the record,
it is clear that the decision was arbitrary and unreasonable. Simon v. York Crane & Rigging Co.,
739 S.W.2d 793, 795 (Tex. 1987). Although section 13.001(b) sets out three factors to consider
before dismissing an appeal as frivolous, the Texas Supreme Court has suggested that the proper
factor to consider is whether the case has no arguable basis in law or fact. (6) Johnson v. Lynaugh,
796 S.W.2d 705 (Tex. 1990) (denying writ in 766 S.W.2d 393 (Tex. App.--Tyler 1989)).

 In this cause, the trial court would have had at least one reason to dismiss the cause
under section 13.001(b)(2): collateral estoppel. Even if the issue had not been raised on
summary judgment, the court could have considered all of the material in front of it and concluded
that appellant had no basis in law for his suit because of collateral estoppel. We overrule point
of error four.

 We affirm the judgment of the trial court.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: August 25, 1993

[Do Not Publish]

1. [1]  Appellant Thomas McBride represented himself in the trial court in his civil cause for
malpractice and represents himself on appeal. Appellee Timothy Mahler represented himself at
trial and on appeal. He did not file an appellee's brief.
2. [2]  Point one contends that appellee failed to properly authenticate documents he sought to
attach to his motion as competent summary judgment evidence; thus, no summary judgment
evidence was before the court. Point two contends that the appellee failed to specify where the
proof he relied on was shown in the instruments on file. Point three contends that the trial court
erred in its findings that plaintiff's pleadings are not sufficient to support a judgment, fail to state
a cause of action, are affirmatively negated by his factual pleadings, and are irrefutably proven
to be false as alleged in defendant's motion. 
3. [3]  This opinion is not cited as precedential authority, Tex. R. App. P. 90(i), but because
McBride is bound by this court's judgment in that cause. See Bullock v. Sage Energy Co., 728
S.W.2d 465, 468-69 (Tex. App.--Austin 1987, writ ref'd n.r.e.). 
4. [4]  There are two motions for summary judgment by appellee in the transcript. The second
motion for summary judgment in the transcript simply says "Motion for Summary Judgment." It
is not titled "Second" or "Amended." It makes no reference to limitations. Appellant's brief
states that appellee withdrew the first motion. See Tex. R. App. P. 74(f).
5. [5]  The judgment was a take-nothing summary judgment rather than a dismissal. We assume
the finding that the action was "frivolous" was entered so that, in the event that this Court did not
affirm the summary judgment it could reform the judgment to reflect a dismissal. See Tex. R.
App. P. 80(b)(2).
6. [6]  The three factors set out in section 13.001(b) to determine whether an action is frivolous or
malicious are whether: (1) the realistic chance of success is slight; (2) the claim has no arguable
basis in law or in fact; or (3) it is clear that the party cannot prove a set of facts in support of the
claims. Tex. Civ. Prac. & Rem. Code Ann. § 13.001(b) (West Supp. 1993). Section 13.001
basically codifies various factors the federal courts have looked to in interpreting the comparable
federal in forma pauperis statute, 28 U.S.C. § 1915 (1988). Johnson v. Lynaugh, 766 S.W.2d
393, 394 (Tex. App.--Tyler 1989), writ denied per curiam, 796 S.W.2d 705 (Tex. 1990).