NUMBER 13-98-583-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


MARGARITA QUINONES, INDIVIDUALLY AND AS NEXT FRIEND OF ENRIQUE 

QUINTANILLA, III, A MINOR , Appellant,


v.


RUDOLFO DAVALOS, INDIVIDUALLY AND AS EMPLOYEE/AGENT OF 

CENTRAL POWER AND LIGHT COMPANY 

AND CENTRAL POWER AND LIGHT COMPANY , Appellees.

___________________________________________________________________


On appeal from the 197th District Court

of Cameron County, Texas.

__________________________________________________________________


O P I N I O N

Before Justices Dorsey, Hinojosa, and Kennedy (1)

Opinion by Justice Kennedy


 Appellant was plaintiff below who sued for damages and personal injuries resulting from a car wreck in which she was
struck by a Central Power & Light Company (hereinafter CPL) truck being driven by one of its employees, Rudolfo
Davalos, both of whom are defendants-appellees. By her third amended petition she seeks personal damages, including
pain and suffering, medical expenses, loss of services, loss of wages, diminished earning capacity, and disfigurement in a
total sum in excess of $800,000. She did not itemize property damages. The evidence is undisputed that appellant was
approaching an intersection and had the right of way to proceed. Appellee Davalos was driving a CPL truck toward the
intersection and eased into the intersection from behind a large truck to see if the intersection was clear. His truck struck
appellant's vehicle causing her vehicle to spin around. Appellant was transported to a hospital.

 The court submitted two questions to the jury. To the first, "Did the negligence, if any, (2)

 of Rudolfo Davalos proximately cause the occurrence or injury, if any, in question?" The jury answered "No." Because of
the condition attached thereto, the jury did not answer the second question (damages). The trial court entered judgment,
based upon the verdict, that appellant take nothing. Appellant filed a motion for judgment NOV and, alternatively, for a
new trial, both of which were overruled.

 Appellant's brief lists eleven issues presented. They are not numbered in the brief, however, we supply numbers to them
here in the order presented in order to simplify reference to them. The issues are:

 1. Is a judicial admission binding on a party?



 2. Can a binding judicial admission be made by a party's counsel?



 3. Can a jury arbitrarily disregard judicial admissions?



 4. Must a jury's finding which is contrary to the party's judicial admissions be disregarded by a trial court?



 5. Is a plea of guilty to a criminal charge binding on a defendant?



 6. Can a jury arbitrarily disregard a guilty plea in a prior criminal case?



 7. Can a jury rewrite the definition contained in the charge?



 8. Can a jury consider evidence which was not presented?



 9. Is a party required to object in order to preclude a court from considering evidence of a jury's misconduct?



 10. Are the rules which preclude a court's consideration of evidence of a jury's misconduct constitutional?



 11. Can a jury ignore evidence which was presented, and find a defendant not negligent?



For purposes of discussion and disposition we will group issues one through four, issues five and six, and issues eight
through ten together. We will treat the other issues individually.

 Issues one through four relate to judicial admissions. The parties agree, and we so hold, that judicial admissions do bind a
party and that such admissions can be made either by a party or by his counsel. The disagreement occurs in the question
"What constitutes a judicial admission?" This court has held that a judicial admission is a formal act, done in the course of
judicial proceedings, which dispenses with the production of evidence and takes the matter out of the domain of proof. It is
not evidence but is a substitute for evidence. Hercules Exploration, Inc. v. Halliburton Co., 658 S.W.2d 716, 719 (Tex.
App. -- Corpus Christi 1983, writ ref'd n.r.e.) (citingUnited States Fidelity & Guaranty Co. v. Carr, 242 S.W.2d 224 (Tex.
Civ. App. - San Antonio 1951, writ ref'd)). United States Fidelity sets out five requirements of a judicial admission. They
are: The admission was: (1) made in the course of a judicial proceeding; (2) contrary to an essential fact for the parties'
recovery; (3) deliberate, clear and unequivocal; (4) related to a fact upon which judgment for the opposing party could be
based; and (5) enforcing the admission would be consistent with public policy. Id. at 229.

 The statements of appellee and his counsel cited by appellant are (by appellee):

 Q You're not going to confess that this accident was your fault, right?



 A [by Mr. Davalos] It probably - it probably was.

 

By appellees' counsel on voir dire:

 And I'm going to be the first one to tell you that Rudy is here and will not deny anything about what occurred about him
coming out from the stop sign. And he made the mistake. There's no question about that. . .



 So as a result of that, one of the problems that we have is what injuries Mrs. - - the plaintiff, Mrs. [Quinones], really had
in this case. And that's really one - - the biggest issue that [you] folks will be asked to decide in this case.



By appellees' counsel in opening argument:

 Rudy will not deny that he inched through there or he went through and tried to get access there. We're not here to really
contest any of those issues. We really aren't. . . . 

 

 . . . [T]he issue in this particular case is what are the damages that have been incurred as a result of this accident.



 In May of 1994 when Mrs. Quinones had this collision with Rudy Davalos, the evidence is going to show that the damage
was suffered by her vehicle was this. This is a sideswipe. It's not a front-end collision. It's not a rear-end collision. It's a
collision that . . . do you know what? Goes with the facts of this case. There's no question about it.



And finally by appellees' counsel:



 The only "if" is how much you're going to award [Quinones] because Rudy inched out. I mean, that's what it amounts to,
a sideswipe. How much money should you award? I think you should award her for the trip to the emergency room, and I
think maybe for some of the physical therapy; and that's about $3,000 to $5,000, folks. (3)



 We hold that these statements are not deliberate, clear and unequivocal. They are more in the nature of an opinion than a
deliberate, clear and unequivocal admission. We deny the relief sought by appellant's first four issues. 

 Following the collision which is the basis of this case, appellee, Davalos, received a citation from a peace officer and
pleaded guilty to the misdemeanor offense of failure to yield. This forms the basis of appellant's issues five and six which,
together, question the validity of a jury's finding of no negligence in the face of a plea of guilty to a traffic offense arising
out of the collision. Appellant argues the doctrine of collateral estoppel in order to prevail on these two issues. First, we
note that the Texas Supreme Court has held that a party seeking to assert collateral estoppel in a situation such as this must
establish: "(1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those
facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." Sysco
Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994). In the case before us, at the very least, the parties were not
cast as adversaries in the first action.

 The cases cited by appellant (4)

 in support of collateral estoppel of appellees, are all cases which involve summary judgment and involve a duty to reply by
one party. In the case before us, appellees-defendants never raised an affirmative issue of "no negligence," except for their
general denial. Here, the more appropriate inquiry is: "Can a litigant collaterally estop a jury?" This query is better phrased
as contained in appellant's issue six: "Can a jury arbitrarily disregard a guilty plea in a prior criminal case?" We answer by
saying a jury can disregard anything it wants to subject to the power of an appellate court to judge the jury's verdict in order
to determine if, having considered and weighed all the evidence, the verdict is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 Appellant argues that the evidence is undisputed that the accident was the result of Mr. Davalos' negligence, which we
consider to be in support of issue eleven. Accordingly, appellant argues that Davalos' negligence, and CPL's liability, were
established as a matter of law. In reviewing a "matter of law" challenge, the reviewing court employs a two-prong test. 
The court will first examine the record for evidence that supports the finding, ignoring all evidence to the contrary. If there
is no evidence to support the finding, the court will then examine the entire record to see if the contrary proposition is
established as a matter of law. If the contrary proposition is established conclusively by the evidence, the point of error will
be sustained. Noble Exploration v. Nixon Drilling, 794 S.W.2d 589, 590-91 (Tex. App. - Austin 1990, writ denied).

 We have examined the entire record and conclude that the negligence of Davalos as the proximate cause of the collision is
established as a matter of law. The jurors heard the purported judicial admissions which they may consider as evidence.
Every eyewitness to the collision testified to the effect that Davalos failed to yield the right of way to appellant, which
caused the collision. There is no evidence to the contrary. Davalos' negligence, together with causation, is established
conclusively as a matter of law. The jury's verdict is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Appellant's issue eleven is sustained. We REVERSE the judgment of the trial court and remand
the case for a new trial. Tex. R. App. P. 44.1(b). We have responded to appellant's first four issues as a guide with respect
to judicial admissions, in the event of a retrial of this case. In view of the remand, we decline to rule on the remaining
issues.

 

NOAH KENNEDY

Justice



Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 25th day of October, 2001.

 

1. Retired Justice Noah Kennedy assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. The trial court defined "negligence" in its charge to the jury.

3. Quotes are verbatim from appellant's briefs and vary only slightly, and not substantially, from the record.

4. Dover v. Baker, Brown, Sharman & Parker, 859 S.W.2d 441 (Tex. App. - Houston [1st Dist.] 1993, no writ); Boozier v.
Hambrick, 846 S.W.2d 593 (Tex. App. - Houston [1st Dist.] 1993, no writ); Francis v. Marshall, 841 S.W.2d 51 (Tex. App.
- Houston [14th Dist.] 1992, no writ).