### In the ESTATE OF Marygene STAFFORD.

### No. 09–06–530 CV.

Court of Appeals of Texas, Beaumont.

Submitted on June 28, 2007.

Opinion Delivered Jan. 17, 2008.

Elton Larrie Stafford, Huntsville, pro se.

David J. Fisher, Orgain, Bell & Tucker, LLP, Silsbee, Troy D. Soileau, The Law Office of Troy D. Soileau, Lumberton, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

### OPINION

CHARLES KREGER, Justice.

This is an appeal of a summary judgment in an interpleader action determining the proper beneficiary of Marygene Stafford's life insurance policy proceeds. Elton Larrie Stafford, convicted by a jury of Marygene's murder, appeals *pro se* the trial court's order granting summary judgment and ordering the proceeds of the policy to be paid to Deborah L. Shaw, the contingent beneficiary named in the policy. We affirm.

On August 1, 2004, Marygene died as a result of blunt force injuries to her head. A jury convicted Elton of her murder. Subsequently, a probate action was filed in County Court, and then transferred to District Court. Prior to her death, Marygene had designated Elton as the primary beneficiary and Deborah L. Shaw as the contingent beneficiary of her life insurance

policy proceeds. Prudential Insurance Company of America, the policy's issuer, filed a Petition in Interpleader and for Declaratory Judgment. The trial court granted Prudential's motion for leave to deposit the $228,000 in proceeds into the registry of the court. Shaw, the contingent beneficiary, filed a summary judgment motion. She maintained that under the Texas Probate and Insurance Codes, Elton forfeited his right to Marygene's life insurance policy as a result of his conviction for her murder. The trial court granted summary judgment and ordered the district clerk to issue Shaw a check for the insurance proceeds Prudential deposited into the court's registry. The trial court entered conclusions of law as follows: (1) Elton forfeited all rights to receive the insurance funds; (2) this finding is supported by Texas Probate Code Section 41(d) and Texas Insurance Code sections 1103.151 and 1103.152; (3) the court found by a preponderance of the evidence that Elton committed the willful acts that brought about the death of Marygene; and (4) the court concluded that Elton committed the willful acts which brought about Marygene's death and is guilty of such acts beyond a reasonable doubt.

We review summary judgment orders *de novo*. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). We also review trial court's conclusions of law *de novo*, and the standard of review is whether they are correct. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 257 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). The trial

court's conclusions of law are not binding on the appellate court. *City of Beaumont v. Spivey*, 1 S.W.3d 385, 392 (Tex.App.-Beaumont 1999, pet. denied). However, we will uphold the trial court's conclusions of law on appeal if the judgment can be sustained on any legal theory supported by the evidence. *Ventura*, 102 S.W.3d at 257.

■ Elton raises two issues on appeal. In his first issue, Elton states that because his appeal of his conviction is pending, his conviction is not a "final conviction," and he has not forfeited his rights to the policy proceeds as primary beneficiary. He contends there is a genuine issue of material fact as to whether his conviction is a "final conviction."

■ Elton's assumption that he has not forfeited his right to the proceeds until there is a "final conviction" is misplaced. "Proceeds of an insurance policy are by statutory definition nontestamentary in nature." *Tramel v. Estate of Billings*, 699 S.W.2d 259, 262 (Tex.App.-San Antonio 1985, no writ); *see also* Tex. Prob.Code Ann. § 450(a) (Vernon 2003). Here, Marygene's insurance policy designated Elton as the primary beneficiary and Shaw as the contingent beneficiary. Section 1103.151 of the Texas Insurance Code provides that a beneficiary of a life insurance policy forfeits their interest in the policy if they are "a principal or an accomplice in wilfully bringing about the death of the insured." Tex. Ins.Code Ann. § 1103.151 (Vernon Pamp.2007).

Elton relies on *Francis v. Marshall*, 841 S.W.2d 51 (Tex.App.-Houston [14th Dist.] 1992, no writ) in support of his argument that he does not forfeit the proceeds until there is a "final conviction." Elton states that in *Francis*, a case with similar facts, the contingent beneficiary was not precluded from receiving the proceeds because the primary beneficiary's conviction

was not final. The question of whether a final conviction was required for there to be a forfeiture, however, was not before the court in *Francis*. In *Francis*, the trial court entered an agreed order placing the proceeds in an interest-bearing account " 'pending the outcome of the criminal appeal of [the primary beneficiary].' " *Francis*, 841 S.W.2d at 53. In fact, the Fourteenth District Court of Appeals held in *Francis* that the primary beneficiary's conviction obligated the probate court to acknowledge that he " 'willfully [brought] about the death of the insured[,]' " and then applied article 21.23 of the Texas Insurance Code, section 1103.151's predecessor. *Id.* at 53–54. The court affirmed the summary judgment in favor of the contingent beneficiary after finding the primary beneficiary's conviction was conclusive "[g]iven the mandates of the Texas Insurance and Probate Codes[.]" *Id.* at 54.

Here, the trial court took judicial notice of the civil proceeding, which alleged Elton assaulted Marygene in a way to cause severe trauma to her head which resulted in her death. The trial court noted in its findings of fact that the allegations in the civil proceeding were deemed true as a result of Elton's default in a previous wrongful death action. The trial court found by a preponderance of the evidence that Elton "committed willful acts that brought about" Marygene's death, and "that he is guilty of such acts beyond a reasonable doubt." Section 1103.151 does not require a "final conviction" before a beneficiary forfeits his rights to the proceeds and the trial court made the requisite findings to establish Elton's forfeiture under section 1103.151. *See* TEX. INS.CODE ANN. § 1103.151. We overrule issue one.

In his second issue, Elton appears to argue that the trial court abused its discretion in the wrongful death action when the court entered a default judgment against him. Because the judgment in the wrongful death action filed under cause number 44,848 became final, and Elton does not contend such judgment is void, the default judgment is not now subject to collateral attack in this appeal. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985). We overrule issue two. We affirm the trial court's order granting summary judgment in favor of Shaw.

AFFIRMED.