In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-530 CV


____________________



IN THE ESTATE OF MARYGENE STAFFORD






On Appeal from the 356th District Court


Hardin County, Texas


Trial Cause No. 44,868






O P I N I O N


 This is an appeal of a summary judgment in an interpleader action determining the
proper beneficiary of Marygene Stafford's life insurance policy proceeds. Elton Larrie
Stafford, convicted by a jury of Marygene's murder, appeals pro se the trial court's order
granting summary judgment and ordering the proceeds of the policy to be paid to Deborah
L. Shaw, the contingent beneficiary named in the policy. We affirm.

 On August 1, 2004, Marygene died as a result of blunt force injuries to her head. A
jury convicted Elton of her murder. Subsequently, a probate action was filed in County
Court, and then transferred to District Court. Prior to her death, Marygene had designated
Elton as the primary beneficiary and Deborah L. Shaw as the contingent beneficiary of her
life insurance policy proceeds. Prudential Insurance Company of America, the policy's
issuer, filed a Petition in Interpleader and for Declaratory Judgment. The trial court granted
Prudential's motion for leave to deposit the $228,000 in proceeds into the registry of the
court. Shaw, the contingent beneficiary, filed a summary judgment motion. She maintained
that under the Texas Probate and Insurance Codes, Elton forfeited his right to Marygene's
life insurance policy as a result of his conviction for her murder. The trial court granted
summary judgment and ordered the district clerk to issue Shaw a check for the insurance
proceeds Prudential deposited into the court's registry. The trial court entered conclusions
of law as follows: (1) Elton forfeited all rights to receive the insurance funds; (2) this finding
is supported by Texas Probate Code Section 41(d) and Texas Insurance Code sections
1103.151and 1103.152; (3) the court found by a preponderance of the evidence that Elton
committed the willful acts that brought about the death of Marygene; and (4) the court
concluded that Elton committed the willful acts which brought about Marygene's death and
is guilty of such acts beyond a reasonable doubt. 

 We review summary judgment orders de novo. Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 215 (Tex. 2003). The party moving for traditional summary
judgment bears the burden of showing that no genuine issue of material fact exists and that
it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). We also review the trial court's conclusions
of law de novo, and the standard of review is whether they are correct. BMC Software
Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002); Material P'ships, Inc. v.
Ventura, 102 S.W.3d 252, 257 (Tex. App.--Houston [14th Dist.] 2003, pet. denied). The trial
court's conclusions of law are not binding on the appellate court. City of Beaumont v.
Spivey, 1 S.W.3d 385, 392 (Tex. App.--Beaumont 1999, pet. denied). However, we will
uphold the trial court's conclusions of law on appeal if the judgment can be sustained on any
legal theory supported by the evidence. Ventura, 102 S.W.3d at 257.

 Elton raises two issues on appeal. In his first issue, Elton states that because his
appeal of his conviction is pending, his conviction is not a "final conviction," and he has not
forfeited his rights to the policy proceeds as primary beneficiary. He contends there is a
genuine issue of material fact as to whether his conviction is a "final conviction." 

 Elton's assumption that he has not forfeited his right to the proceeds until there is a
"final conviction" is misplaced. "Proceeds of an insurance policy are by statutory definition
nontestamentary in nature." Tramel v. Estate of Billings, 699 S.W.2d 259, 262 (Tex. App.--San Antonio 1985, no writ); see also Tex. Prob. Code Ann. § 450(a) (Vernon 2003). Here,
Marygene's insurance policy designated Elton as the primary beneficiary and Shaw as the
contingent beneficiary. Section 1103.151 of the Texas Insurance Code provides that a
beneficiary of a life insurance policy forfeits their interest in the policy if they are "a
principal or an accomplice in wilfully bringing about the death of the insured." Tex. Ins.
Code Ann. § 1103.151 (Vernon Pamp. 2007). 

 Elton relies on Francis v. Marshall, 841 S.W.2d 51 (Tex. App.--Houston [14th Dist.]
1992, no writ) in support of his argument that he does not forfeit the proceeds until there is
a "final conviction." Elton states that in Francis, a case with similar facts, the contingent
beneficiary was not precluded from receiving the proceeds because the primary beneficiary's
conviction was not final. The question of whether a final conviction was required for there
to be a forfeiture, however, was not before the court in Francis. In Francis, the trial court
entered an agreed order placing the proceeds in an interest-bearing account "'pending the
outcome of the criminal appeal of [the primary beneficiary].'" Francis, 841 S.W.2d at 53. 
In fact, the Fourteenth District Court of Appeals held in Francis that the primary
beneficiary's conviction obligated the probate court to acknowledge that he "'willfully
[brought] about the death of the insured[,]'" and then applied article 21.23 of the Texas
Insurance Code, section 1103.151's predecessor. Id. at 53-54. The court affirmed the
summary judgment in favor of the contingent beneficiary after finding the primary
beneficiary's conviction was conclusive "[g]iven the mandates of the Texas Insurance and
Probate Codes[.]" Id. at 54. 

 Here, the trial court took judicial notice of the civil proceeding, which alleged Elton
assaulted Marygene in a way to cause severe trauma to her head which resulted in her death. 
The trial court noted in its findings of fact that the allegations in the civil proceeding were
deemed true as a result of Elton's default in a previous wrongful death action. The trial court
found by a preponderance of the evidence that Elton "committed willful acts that brought
about" Marygene's death, and "that he is guilty of such acts beyond a reasonable doubt." 
Section 1103.151 does not require a "final conviction" before a beneficiary forfeits his rights
to the proceeds and the trial court made the requisite findings to establish Elton's forfeiture
under section 1103.151. See Tex. Ins. Code Ann. § 1103.151. We overrule issue one.

 In his second issue, Elton appears to argue that the trial court abused its discretion in
the wrongful death action when the court entered a default judgment against him. Because
the judgment in the wrongful death action filed under cause number 44,848 became final, and
Elton does not contend such judgment is void, the default judgment is not now subject to
collateral attack in this appeal. See Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985). 
We overrule issue two. We affirm the trial court's order granting summary judgment in favor
of Shaw. 

 AFFIRMED.

 __________________________________

 CHARLES KREGER

 Justice


Submitted on June 28, 2007

Opinion Delivered January 17, 2008



Before McKeithen, C.J., Kreger and Horton, JJ.