In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00057-CV

**RUSSELL WAYNE GILES AND MARY FRANCES GILES, Appellants**

**V.**

**DAVID STRICKLAND, Appellee**

_____

**On Appeal from the 253rd Judicial District**
**Liberty County, Texas**
**Trial Cause No. CV1813015**

_____

**MEMORANDUM OPINION**

This suit arises from a property boundary dispute. Following a bench trial, Russell Wayne Giles and Mary Frances Giles (collectively, the "Gileses") appeal the trial court's judgment in favor of David Strickland. In one issue, they contend the evidence conclusively establishes their adverse possession affirmative defense and that the judgment is against the great weight and preponderance of the evidence. We affirm the trial court's judgment as discussed more fully below.

## Background[1]

In 2018, Strickland sued the Gileses, who owned the property located to the west of Strickland's property. Strickland filed Plaintiff's Original Declaratory Judgment Action and Application for Temporary and Permanent Injunctions and Rule 194 Request for Disclosure. Strickland alleges that before purchasing his property in 2016, he obtained a professional survey, which he attached to his Original Petition with copies of the deeds for his property and for the Gileses' property. Strickland claims that after purchasing his property, he removed an old fence, which was thirty-five feet east of the "westernmost" boundary of his land and the "easternmost" boundary of the Gileses' property. In November 2017, Strickland notified the Gileses that he intended to build a new fence on the "westernmost" boundary line separating their properties.

Strickland asserts that Russell "wrongfully prevented" him from building the new fence. According to Strickland, after he notified the Gileses he intended to build a new fence, Russell Giles "immediately moved a heavy horse trailer and other items approximately thirty feet onto [Strickland's] property." Strickland asserts that the Gileses did so without permission and "for the obvious purpose of preventing

---

[1] Since the Gileses did not file a reporter's record, our discussion of the background is solely based on the clerk's record. *See Menifee v. Chandler*, No. 09-20-00127-CV, 2020 WL 7756149, at *1 (Tex. App.—Beaumont Dec. 30, 2020, no pet.) (mem. op.) (citation omitted) (noting that in absence of reporter's record, background facts were "based on clerk's record alone").

2

[Strickland] from building a new fence on the boundary line between the parties' tracts."

Strickland sought a temporary and permanent injunction to keep the Gileses from trespassing, requiring them to remove all their personal property from his real property, preventing them from placing or locating their property on his real property, and restraining them from interfering with Strickland building the new fence on the boundary line. Strickland also sought "a declaratory judgment of the boundary line between the parties' property." In the alternative, Stickland pled "for equitable relief to remove cloud upon title" to his property caused by the boundary line dispute. Strickland sought attorney's fees under Texas Civil Practice and Remedies Code section 37.009.

In May 2018, the Gileses' filed their First Amended Answer, Counterclaim and Request for Temporary Injunction. In their Answer, the Gileses dispute the boundary line and claim that Strickland removed the fence. The Gileses countered that Strickland's new fence, as he proposed, encroaches on their property and was along an incorrect boundary line. The Gileses admittedly parked a trailer along the disputed property line to prevent Strickland from constructing the new wooden fence along the line he now claims is the correct boundary line.

The Gileses pled a general denial and adverse possession as an affirmative defense under Texas Civil Practice and Remedies Code section 16.021(1). The

3

Gileses counterclaimed and allege that Strickland was trespassing on their property. The Gileses also requested a declaratory judgment that Strickland trespassed and that their 1988 deed "adequately described the property." The Gileses also requested a temporary and permanent injunction, monetary relief, exemplary damages, and attorney's fees under section 37.009.

In May of 2018, the trial court issued a temporary injunction, enjoining the Gileses from interfering with the building of the fence along the boundary line as shown in the attached survey and requiring the Gileses to remove their horse trailer and other property from the boundary line as shown in the attached survey. In October 2023, the case was tried to the bench, and on February 7, 2024, the trial court signed a judgment in favor of Strickland, attaching the professional survey showing the property boundary. The same day, the trial court signed Findings of Fact and Conclusions of Law. The trial court's Findings of Fact and Conclusions of Law, included the following, among others:

**FINDINGS OF FACT**

[. . .]
3. Surveyor Carey Johnson conducted a survey of Plaintiff's property showing the boundaries of Plaintiff's property and the boundary between Plaintiff's property and Defendants' property, which survey was admitted into evidence as Exhibit "P-1," and surveyor's field notes admitted into evidence as Exhibit "P-2."
4. The testimony of surveyor Carey Johnson regarding the survey and his professional opinions of the boundaries of Plaintiff's property and the boundary between Plaintiff's property and Defendants' property was credible.

4

5. No surveyor, other expert witness, or lay witness testified in contradiction of Carey Johnson's testimony.

6. Defendants conceded at trial that they did not contest the Carey Johnson survey admitted as Exhibit "P-1."

7. Defendants did not introduce into evidence any deed by which they obtained title to their property.

[. . .]

10. The testimony of Defendant Russell Wayne Giles regarding the defense of limitations by adverse possession of Plaintiff's property lacked credibility.

11. Defendants never fenced any portion of Plaintiff's property at any time.

12. Defendants did not pay taxes on Plaintiff's property at any time.

13. Defendants never prevented any predecessor in title to Plaintiff from entering any portion of Plaintiff's property when the predecessor in title owned it.

14. Defendants did not openly and notoriously possess any portion of Plaintiff'[s] property to the exclusion of any of Plaintiff's predecessors in title when the predecessor in title owned it.

15. Defendants did not plead what part of Plaintiff's property was subject to Defendants' claimed defense of limitations by adverse possession.

16. Defendants did not introduce evidence by survey, surveyor field notes or other expert opinion showing what specific part of Plaintiff's property was subject to Defendants' claimed defense of limitations by adverse possession.

17. The Defendant does not own any estate, right, title, lien, or interest in or to any part of Plaintiff's property.

## CONCLUSIONS OF LAW

1. Plaintiff David Strickland owns in fee simple, and is entitled to the quiet and peaceful possession of, a 1.221 acre tract of land, more or less, situated in the Barton Tarkington League, Abstract No. 354, Liberty County, Texas, more commonly known as 502 County Road 2250, Cleveland, Liberty County, Texas, being that same property conveyed to Plaintiff in "General Warranty Deed with Vendor's Lien" recorded as Instrument No. 2017000492, Official Public Records of Liberty County, Texas, and shown and described specifically in exhibits "P-1," "P-2," and "P-3."

5

2. A party seeking to establish title of land by virtue of statute of limitations has the burden of proving every fact essential to that claim by a preponderance of the evidence. CPRC 16.021; *Rhodes v. Cahill*, SW2d 643 (Tex. 1990).

3. Repairing or maintaining a casual fence, even for the express purpose of keeping the claimant's animals within the enclosed area, does not change a casual fence into a designed enclosure. *Rhodes v. Cahill*, 802 SW2d 643 (Tex. 1990).

[. . .]

5. The Defendants failed to prove their defense of limitations by adverse possession.

[. . .]

The Gileses timely appealed.

## Issue Presented

In one issue on appeal, the Gileses challenge the trial court's judgment and contend the evidence conclusively established their affirmative defense of adverse possession, or alternatively, the judgment was against the great weight and preponderance of the evidence. In essence, they complain the evidence was legally and factually insufficient to support the trial court's judgment.

## Standard of Review and Applicable Law

In a bench trial, the trial court, as factfinder, is the sole judge of the witnesses' credibility and weight of the evidence and is responsible for resolving conflicts in the evidence and drawing reasonable inferences from basic facts to ultimate facts. *See City of Keller v. Wilson*, 168 S.W.3d 802, 819–21 (Tex. 2005); *Webb v. Crawley*, 590 S.W.3d 570, 578 (Tex. App.—Beaumont 2019, no pet.). "Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict

6

upon questions." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991) (citations omitted). We review a trial court's conclusions of law de novo and uphold them on appeal if the judgment can be sustained on any legal theory supported by the evidence. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *In re Estate of Stafford*, 244 S.W.3d 368, 369 (Tex. App.—Beaumont 2008, no pet.). A party attacking the legal sufficiency of an adverse finding on an issue on which they have the burden of proof, "must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). A party seeking to establish title to land by adverse possession has the burden to prove every fact essential to that claim by a preponderance of the evidence. *Rhodes v. Cahill*, 802 S.W.2d 643, 645 (Tex. 1990) (op. on reh'g).

We review a trial court's findings of fact for factual sufficiency of the evidence under the same legal standards as applied to review jury verdicts for factual sufficiency of the evidence. *See Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). In a factual sufficiency review, we examine all the evidence and do not set aside the judgment unless it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986).

An appellant challenging the sufficiency of the evidence bears the burden to furnish this Court with a record supporting their allegations, and absent a record of

what the trial court considered, we must presume the omitted portions of the record support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229–30 (Tex. 2002) (per curiam) ("The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment." (internal quotations omitted)) (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 371 (Tex. 1997)); *Menifee v. Chandler*, No. 09-20-00127-CV, 2020 WL 7756149, at *1 (Tex. App.—Beaumont Dec. 30, 2020, no pet.) (mem. op.) (citation omitted) ("When an appellant challenges the sufficiency of evidence supporting the trial court's judgment against him, he cannot prevail without first meeting his burden of presenting a sufficient record on appeal because it is presumed that the omitted portions of the record support the trial court's judgment."). "[R]eviewing a challenge to the sufficiency of the evidence necessarily entails our review of a reporter's record since without one, 'we do not know what, if any, evidence was presented to the trial court.'" *In re D.D.H.*, No. 09-07-00139-CV, 2008 WL 4509343, at *2 (Tex. App.—Beaumont Oct. 9, 2008, no pet.) (mem. op.) (quoting *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.)). Some circumstances do not require a complete record, such as a partial record appeal or the resolution of an issue of law that does not require reviewing evidence. *See Menifee*, 2020 WL 7756149, at *1 (citation omitted); *see also King's River Trail Ass'n v. Pinehurst Trail Holdings, L.L.C.*, 447 S.W.3d 439, 449–51 (Tex.

App.—Houston [14th Dist.] 2014, pet. denied) (discussing appeals based on partial reporter's record under Rule 34.6(c)).

**Analysis**

The court reporter notified this Court that a record was made of the bench trial, but the Gileses did not order a reporter's record. The Gileses also did not seek to limit their appeal under Texas Rule of Appellate Procedure 34.6(c) (permitting appeal on partial record in certain circumstances). On June 24, 2024, this Court issued a late reporter's record notice due to non-payment. No reporter's record was filed after this notice.[2] Therefore, this Court advised the parties it would submit the case on the clerk's record alone.

The Gileses bore the burden of proof at trial to establish each essential element of their adverse possession affirmative defense by a preponderance of the evidence. *See Rhodes*, 802 S.W.2d at 645. As the parties who bore the burden of proof at trial and who challenge the legal sufficiency of the evidence on appeal, the Gileses must show on appeal "that the evidence establishes, as a matter of law, all vital facts in support of the issue." *Dow Chem. Co.*, 46 S.W.3d at 241. As for their factual sufficiency challenge, it requires us to examine all the evidence to determine if the judgment is "so contrary to the overwhelming weight of the evidence as to be clearly

---

[2]As Strickland correctly notes in his brief, the Gileses' brief purportedly cites to a reporter's record, they did not file a record, no evidence is before us, and we have no way of verifying the citations to a reporter's record that is not before us.

9

wrong and unjust." *Cain*, 709 S.W.2d at 176. We cannot do either of these things without a reporter's record. *See In re D.D.H.*, 2008 WL 4509343, at *2. This is not a circumstance where a reporter's record is unnecessary, as it does not involve a partial record appeal or the resolution of an issue of law which does not include reviewing evidence. *See Menifee*, 2020 WL 7756149, at *1 (citation omitted); *see also King's River Trail Ass'n*, 447 S.W.3d at 449–51.

Given their challenges to the sufficiency of the evidence, it was the Gileses' responsibility to provide us with a record supporting their allegations. *See Bennett*, 96 S.W.3d at 229–30; *Menifee*, 2020 WL 7756149, at *1. Absent a record of what the trial court considered, we presume the record supports the trial court's judgment. *See Bennett*, 96 S.W.3d at 229–30; *Menifee*, 2020 WL 7756149, at *1. We overrule their sole issue.

## Conclusion

Having overruled the Gileses' sole issue on appeal, we affirm the trial court's judgment.

AFFIRMED.

W. SCOTT GOLEMON
Chief Justice

Submitted on October 16, 2025
Opinion Delivered January 8, 2026

Before Golemon, C.J., Johnson and Wright, JJ.

10